UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS A. KELLER,

    Plaintiff,

    v.

KAISER PERMANENTE INSURANCE COMPANY, et al.

    Defendants.

_____/

No. C 09-6088 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Defendant's motion to dismiss came on for hearing before this court on August 18, 2010. Plaintiffs Thomas A. Keller ("plaintiff"), appeared through his counsel Shannon M. Stone. Defendant The Western Prelacy of the Armenian Apostolic Church of America, Inc., dba KZV Armenian School ("KZV School") appeared through its counsel, Ara Jabagchourian. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court DENIES in part and GRANTS in part defendant's motion, for the reasons stated at the hearing, and summarized as follows.

    1.    Defendant KZV School's motion to dismiss plaintiff's COBRA cause of action is DENIED. Although plaintiff has failed to plead individualized wrongful conduct or the breach of a specified duty by defendant KZV School with a high degree of clarity, plaintiff's allegations at a minimum give rise to a reasonable inference that defendant's wrongful conduct consisted of failing to take appropriate action, together with defendant Kaiser Foundation Health Plan, in reinstating plaintiff's continuation coverage in February 2006. Amended Complaint, ¶¶ 15, 18, 24-25. Furthermore, the heart of the dispute between the

1  parties is whether defendant KZV School's failure to pay its monthly premium – and
2  Kaiser's resulting discontinuance of defendant's health plan – terminated KZV School's
3  obligation to provide continuing benefit coverage to plaintiff, where defendant's initial failure
4  to pay its premium was ultimately remedied with the reinstatement of insurance coverage.
5  There is a lack of legal guidance on this issue, and a complete evidentiary record is
6  required before a decision on the merits of this issue may be made. Thus, dismissal of
7  plaintiff's COBRA claim is not appropriate.

8      2. Defendant's motion to dismiss plaintiff's Cal-COBRA claim is GRANTED.
9  Following the hearing on the motion to dismiss, and per the court's instruction, the parties
10 submitted letter briefs as to the viability of plaintiff's claim. Both parties continue to agree
11 that continuation coverage under Cal-COBRA terminates when the "qualified beneficiary
12 moves out of the plan's service area," and they furthermore concede that the amended
13 complaint alleges both plaintiff's relocation from California to Minnesota in June 2005, and
14 his pre-move enrollment in defendant's health plan in April 2005. See Cal. Health & Safety
15 Code § 1366.27(a)(8); Amended Complaint, ¶ 14. However, plaintiff contends that the
16 amended complaint sufficiently alleges that plaintiff remained within the plan's service area
17 – notwithstanding his relocation to Minnesota – since (1) the complaint alleges that
18 defendant continued to provide continuation coverage for months after plaintiff moved; and
19 (2) alternative allegations referencing plaintiff's relocation outside Kaiser's service area
20 relate only to individual plan coverage, not defendant's group plan. Amended Complaint,
21 ¶¶ 15, 17.

22     As defendant correctly points out, however, the complaint is less than clear. At best,
23 the complaint is totally silent as to whether plaintiff continued to be within the service area
24 of the Kaiser plan offered by defendant when he moved to Minnesota. At worst, the
25 complaint does in fact raise the reasonable inference that plaintiff moved outside the
26 service area of the plan offered by defendant, since Kaiser informed plaintiff that he did not
27 qualify for Kaiser's coverage (albeit individual coverage) since he was no longer a resident
28

of California.  Amended Complaint, ¶ 17.  Thus, because plaintiff has failed to affirmatively allege that plaintiff continued to remain within the service area of defendant's group plan, because the complaint further raises the inference that plaintiff did not remain within the requisite service area, and because Cal-COBRA expressly provides that coverage is normally terminated whenever the beneficiary moves out of the plan's service area, plaintiff has failed to allege a viable claim under Cal-COBRA.  The claim is accordingly dismissed.  Leave to amend is granted, however, so that plaintiff may attempt to cure the deficiencies noted herein.

Any amended complaint shall be filed no later than September 30, 2010. Defendant's response to the amended complaint shall be due no later than 21 days thereafter.

**IT IS SO ORDERED.**

Dated: September 1, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge